The Honorable Sharon Schwartz State Representative, 106th District 2051 20th Road Washington, Kansas 66968
Dear Representative Schwartz:
You request our opinion regarding whether monies held in the capital outlay fund of a unified school district may be used to pay the salaries of persons who provide computer or equipment repair.
You note that it was determined in a letter opinion of the Attorney General dated July 13, 1969 that the costs of repairs to equipment, repairs to vehicles, and repairs to typewriters were among items and services for which funds from the capital outlay fund could not be expended.[1] We are advised by the Department of Education that this is the opinion it continues to hold and that the Department advises boards of this position. Further, the Kansas Association of School Boards has stated that, despite the fact such an interpretation may encourage school districts to purchase new equipment and computers rather than attempt to have such items repaired, it believes the construction is one intended by the Legislature.[2]
The board of education for a unified school district is authorized to make an annual tax levy for the purpose of obtaining moneys for a capital outlay fund.[3]
 "Any moneys in the capital outlay fund of any school district . . . may be used for the purpose of the acquisition, construction, reconstruction, repair, remodeling, additions to, furnishing and equipping of buildings necessary for school district purposes, including housing and boarding pupils enrolled in an area vocational school operated under the board of education, architectural expenses incidental thereto, the acquisition of building sites, the undertaking and maintenance of asbestos control projects, the acquisition of school buses and the acquisition of other equipment."[4]
In determining whether a unified school district may use monies in its capital outlay fund to pay the salaries of persons who provide computer or equipment repair, we rely on the rules of statutory construction.
 "The fundamental rule for statutory construction is that the intent of the legislature governs if that intent can be determined. The legislature is presumed to have expressed its intent through the language in the statutory scheme. When a statute is plain and unambiguous, the court must give effect to the legislative intent as it was expressed rather than determine what the law should or should not be."[5]
Under the doctrine expressio unius est exclusio alterius, when legislative intent is in question, a court can presume that, when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list.[6]
The Legislature has included a list of items and services for which monies in a capital outlay fund may be used. Expenditures from the fund may be used to pay for the "acquisition, construction, reconstruction, repair . . . and equipping of buildings necessary for school district purposes . . . and the acquisition of other equipment." The Legislature has authorized the use of capital outlay funds for paying the costs of both acquisition and repair of buildings while limiting the use of such funds specifically to the acquisition of equipment. The costs of repair of computers or equipment are not among the listed items for which capital outlay funds may be expended. Therefore, relying on the doctrineexpressio unius est exclusio alterius, it is determined that monies in the capital outlay fund of a unified school district may not be used to pay the salaries of persons who provide computer or equipment repair.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] VI Opinions of the Attorney General 587
[2] Letter, Donna L. Whiteman, September 8, 2004.
[3] K.S.A. 72-8801. See K.S.A. 72-8803.
[4] K.S.A. 72-8804. See also K.S.A. 72-8801.
[5] Cole v. Mayans, 276 Kan. 866, 874 (2003).
[6] Id. at 878.